UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH JACKSON,<br>      Plaintiff,<br><br>vs.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION,<br>      Defendant. | CIVIL ACTION NO.: 04-10974-RCL |

**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND**

Now comes the defendant, National Railroad Passenger Corporation ("AMTRAK"), and in response to the plaintiff's *Complaint* answers as follows:

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. The defendant AMTRAK is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and calls upon the plaintiff to prove the same.

11. Denied.

12. Denied.

    a) Denied.

      b) Denied.

      c) Denied.

      d) Denied.

      e) Denied.

      f) Denied.

      g) Denied.

      h) Denied.

      i) Denied.

13. Denied.

14. Denied.

**WHEREFORE**, the defendant AMTRAK states that the plaintiff's *Complaint* against it should be dismissed and that judgment enter for the defendant, together with its attorneys fees, costs, expenses, interest and any such other relief as this Honorable Court deems proper under the circumstances.

### FIRST AFFIRMATIVE DEFENSE

And further answering, the defendant AMTRAK says that the plaintiff's recovery, if any, is barred or limited according to the applicable case law, statutes and regulations including, but not limited to, 45 U.S.C. §1, *et seq.* and/or 49 U.S.C. §10101, *et seq.*

### SECOND AFFIRMATIVE DEFENSE

And further answering, the defendant AMTRAK says that plaintiff's claims are preempted by federal law.

### THIRD AFFIRMATIVE DEFENSE

And further answering, the defendant AMTRAK says that the plaintiff's *Complaint* should be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) for failure to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, the defendant AMTRAK says that to the extent that it had any obligations to the plaintiff, such obligations have been fully, completely and properly performed in every respect.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, the defendant AMTRAK says that each cause of action is barred by laches in that the defendant has been prejudiced by the excessive delay of the plaintiff in seeking the relief requested.

### SIXTH AFFIRMATIVE DEFENSE

And further answering, the defendant AMTRAK says that the plaintiff's recovery, if any, is barred or limited according to the applicable case law, statutes, and regulations.

### SEVENTH AFFIRMATIVE DEFENSE

And further answering, the defendant AMTRAK says that the acts complained of were not committed by a person for whose conduct the defendant AMTRAK was legally responsible.

### EIGHTH AFFIRMATIVE DEFENSE

And furthering answering, the defendant, AMTRAK, says that the plaintiff's claims as alleged in his Complaint are barred by the applicable statutes of limitation. Accordingly, the defendant hereby pleads all applicable statutes of limitation as a complete bar to the entirety of the plaintiff's claim.

### NINTH AFFIRMATIVE DEFENSE

And further answering, the defendant AMTRAK says that any alleged negligence it may have committed was superseded and/or replaced by the conduct of third persons over whom the defendant exercised no responsibility or control.

### TENTH AFFIRMATIVE DEFENSE

And further answering, the defendant AMTRAK says that the plaintiff has failed to mitigate his damages, wherefore any damages awarded must be reduced by the degree of failure to mitigate.

### ELEVENTH AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, says that the plaintiff was guilty of a violation of law or job regulation which contributed to cause the injury or damage complained of.

### TWELFTH AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, says that the complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, insofar as the plaintiff has failed to give notice of any claim as required by law and the defendant, Amtrak, was thereby prejudiced, wherefore the plaintiff is barred from recovery.

### THIRTEENTH AFFIRMATIVE DEFENSE

And furthering answering, the defendant, AMTRAK, says that the plaintiff's alleged injuries and damages were caused, in whole or in part, by pre-existing conditions, or other contributory or concurrent conditions or factors including events occurring prior or subsequent to the occurrence made the basis of the plaintiff's claims against the defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, says that, while denying that the plaintiff sustained the damages as alleged, any damages the plaintiff may ultimately be entitled to recover from the defendants may or are possibly limited in scope by the provisions of the Federal Employers' Liability Act, and said recovery may be limited as to those damages specifically enunciated therein.  Accordingly, in the event said act is applicable, all sections of plaintiff's Complaint seeking damages other than those provided for in the Federal Employers' Liability Act fail to state a valid cause and/or causes of action upon which relief may be granted and should be dismissed.  Alternatively, all said sections of plaintiff's complaint should be stricken.

### FIFTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant AMTRAK says that if the plaintiff proves that he did sustain the damages and/or injuries in the fashion alleged, the defendant believes that the plaintiff's own negligence contributed, in a substantial way, to the happening and/or occurrence of the alleged injuries, and accordingly, the defendant pleads the plaintiff's comparative negligence in diminution of any award the plaintiff may ultimately receive.

### SIXTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant AMTRAK says that it used reasonable care under the circumstances.

### SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendants, AMTRAK, say that the plaintiff's recovery, if any, is barred or limited according to the applicable case law, statutes, and regulations including but not limited to, the FELA, The Boiler Inspection Act, The Locomotive Act and/or The Safety Appliance Act.

### EIGHTEENTH AFFIRMATIVE DEFENSE

And furthering answering, the defendant, AMTRAK, hereby pleads the defense of release to all of the plaintiff's claims alleged in his Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, hereby pleads any and all statutes of limitation created by the Regional Rail Reorganization Act, as amended, and believes and therefore avers that plaintiff's claims are barred by the specific statute of limitation as contained in and established by the Regional Rail Reorganization Act of 1973, as amended.

### TWENTIETH AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, pleads all provisions of the Regional Reorganization Act as a complete bar to the direct liability of this defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, says that if they mined, milled, manufactured, fabricated, supplied, sold or used any asbestos product, either directly or indirectly, on any project, which AMTRAK specifically denies, such product was supplied in accordance with and pursuant to specifications established and promulgated by that project, by agencies or departments of the United States of America, and/or other person and/or entites.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, says that any asbestos containing product mined, milled manufactured, fabricated, supplied, sold or used by AMTRAK which gives rise to the plaintiff's claims herein, were designed and manufactured by other parties pursuant to and in accordance with specifications mandated by the United States Government or its agencies.  The knowledge of the United States Government and its agencies of any possible health hazards from use of such products was equal or superior to that of AMTRAK, and by reason thereof, AMTRAK is entitled to such immunity from liability as exists in favor of the United States Government or its agencies.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, says that all relevant times hereto, the states of medical and scientific knowledge and the state of art or design and manufacture of asbestos-containing materials was such that AMTRAK neither knew nor should have known that such products presented a significant risk of hard to the plaintiff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, says that if the plaintiff was a user of tobacco products, such use contributed to any lung disease from which the plaintiff may no suffer.  And further answering, the defendant, AMTRAK, says that since the tobacco industry placed warnings on its products as to the hazard associated with smoking, the plaintiff, knowing of the hazards and voluntarily assuming the risks, should be foreclosed from any recovery for any lung disease which exists.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, says that the utility of any of the alleged materials allegedly mined, milled, manufactured, fabricated, supplied, sold or used by AMTRAK outweighs the danger allegedly involved and therefore, the plaintiff's claims are barred as a matter of public policy.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, says that any exposure of the plaintiff to materials used by AMTRAK, which exposure AMTRAK vigorously denies, was so minimal as to be insufficient to establish a reasonable degree of probability that the exposure caused his injuries and illness.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

And further answering, the defendant, AMTRAK, says that the complaint should be dismissed pursuant to Rule 12(b)(5) for insufficient service of process.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

And furthering answering, the defendant, AMTRAK, says that the plaintiff was not within the scope of his employment at the time of his alleged injuries and, therefore, recovery under the FELA is precluded.

### JURY DEMAND

The defendant AMTRAK hereby requests a trial by jury.

Respectfully submitted,
National Railroad Passenger Corporation,
By its Attorney:


s/Michael B. Flynn
Michael B. Flynn, BBO #559023
John E. Young, BBO #654093
FLYNN & ASSOCIATES, P.C.
400 Crown Colony Drive
Suite 200
Quincy, MA 02169
(617) 773-5500

Dated: June 4, 2004
G:\F & A\CASE FILES\AMTRAK\occupational\Jackson\Pleadings\Answer.doc